Mr. Justice Merrick
delivered the opinion of’the court.
The case of Shoemaker and others against Chappell and others, was an application to reform certain deeds upon the ground that there was a mistake in the description of the property, and the application to the court of equity was resisted upon the ground that rights of creditors had intervened and there could be no correction of a mistake in a deed as against creditors.
There is no occasion to consider, in the decision of this case, how far a judgment creditor can insist upon his rights as paramount to the rights of correction of a mistake as between innocent parties, grantor and grantee, for value; for, in this case, it appears, by an inspection of the deeds' of the plat of the property, which accompanies the deeds as exhibited to this court, and the statement of the party himself, :that upon the face of the deeds there are inherent correctives. :There is a maxim of the law with which all are familiar that “falsa demonstratio non nocet cum de corpore cortstat,” and the' application of the maxim to a prayer for the correction of a boundary results in this, that wherever there is a repugnant boundary given in the description of a property, if there be enough-in the 'other boundaries and residue of *414 the description to show a repugnancy, to correct it, and to ascertain the true location of the land, the court, out of the four corners of the instrument itself, will make the construction by rejecting the incongruous portion of the description or reconciling it with the true description so as to make the deed operative and effective.
In this case, without going into the details of it here, by the plat which they have exhibited, it is manifest that the initial point of lot No. 1 as described, which is mentioned to be at the southeast corner of John W. Hays’ property, was intended to be the northeast corner; for, while the description of the first of the two parcels mentioned in the deed which is before me, from Chappell to Cassin and Davis, starting from that point only connects itself by course and distance; yet the first observation to be made is that the party professes to grant a piece of property outside of the property of John W. Hays, and if the description in the deed of the first parcel be followed it would throw that piece of property entirely within the land of JohnW. Hays.
But the deed contains also, and in immediate connection with the description of the first parcel, a continuous description of the second parcel of land, and that takes hold of the description of the first parcel and connects and continues the description by referring to things which are known monuments and boundaries. It professes to run with the outline of an original tract which is a specific call, and then professes to run across to a county road and to run two courses and distances with the county road down to the place of the beginning of that tract and passing around to the first described tract. There you have known monuments, a fixed and accurate description which cannot he mistaken, which rescues the imperfect description as to the first part and applies it truly to the subject-matter upon the land.
So that,, upon an inspection and comparison of the language of the deeds with the plats and the monuments upon the ground, it is manifest that the initial point, in the dafting of the deed by the conveyancer, was mistaken, and *415 lie called it the southeast corner when he ought to have called it the northeast corner.
With the correction of that starting point all the parts are reconciled, and there is a collocation of the different boundaries and a correspondence with the fixed boundaries and monuments ascertained, and it is absolutely demonstrated what was the meaning of the parties. So that within the instrument itself the correctives stand, and the creditor, then, having notice of that deed had notice, of course, of the elements of correction which were in the body of the deed itself, and cannot put himself in resisting this application before the court upon the ground of a bona fide creditor without notice of a title not recorded, and claim the exception of a statute, if there be any such exception as applicable to a creditor under such circumstances, a question which the court does not mean to decide because it is not called for in the present instance.
But we all agree that the deed itself, having its own corrective under the maxim I have mentioned, is enough to justify the demand at the hands of the court, that a decree shall be given for the correction of the mistake and for conforming the deed and its recorded written description to the intention and design of the parties at the commencement.
The decree below granting the correction will be affirmed, and counsel will draw up a decree in conformity with this opinion of the court.